UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE C. and LISA C. ENTELISANO,

                        Plaintiffs,        6:10-CV-1074

      v.

ELECTROLUX HOME PRODUCTS, INC.;
SEARS HARDWARE; and
SEARS HOLDING CORPORATION,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

BRUCE C. and LISA C. ENTELISANO
Plaintiffs, Pro Se
611 Massena Avenue
Rome, NY 13440

HISCOCK, BARCLAY LAW FIRM          MATTHEW J. SKIFF, ESQ.
Attorneys for Defendants Sears Hardware
  and Sears Holding Corporation
One Park Place
300 South State Street
Syracuse, NY 13202-2078

GOLDBERG, SEGALLA LAW FIRM         LISA MARIE ROBINSON, ESQ.
Attorneys for Defendant Electrolux Home
  Products, Inc.
5789 Widewaters Parkway
Syracuse, NY 13214

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiffs bring this action against defendants seeking compensation for damages they sustained when their Rome, New York, home was destroyed by fire on February 14, 2010. Plaintiffs assert that the fire was caused by an internal malfunction in the kitchen stove, which was manufactured by defendant Electrolux Home Products, Inc. ("Electrolux") and sold by defendants Sears Hardware and Sears Holding Corporation (collectively "Sears"). The complaint alleged five causes of action. First, strict products liability; Second, negligence; Third, breach of warranty; Fourth, negligent infliction of emotional distress; and Fifth, loss of companionship. The defendants have answered the complaint.

Both defendants have filed a motion to dismiss the Fourth and Fifth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Additionally, Electrolux has filed a motion for reconsideration of the denial of its prior letter motion to permit Electrolux's counsel to also represent Sears. Plaintiffs oppose all three motions. The motions were taken on submit.

**II. FACTUAL BACKGROUND**

The following facts, taken from the complaint, are accepted as true for purposes of the motions to dismiss.

On December 29, 2007, plaintiffs purchased a Kenmore kitchen stove from the Sears Hardware store located in Rome, New York. The stove had been manufactured,

---

[1] Sears initially sought dismissal pursuant to 12(b)(1), arguing that there was not complete diversity among the parties. However, Sears has since withdrawn that argument and seeks dismissal pursuant to 12(b)(6) only. See Dkt. Nos. 19–20.

designed, and distributed by Electrolux. The condition of the stove remained unaltered from the time of its manufacture and shipment from Electrolux to the Sears store in Rome. Plaintiffs transported the stove, in its original packaging and box, without incident to their home. After removing the packaging, plaintiffs installed the stove by positioning it in the kitchen and plugging it into the wall. Plaintiffs did not remove any parts or alter the stove in any manner.

On the morning of February 14, 2010, plaintiffs and their children left the home. At approximately 12:15p.m. plaintiffs were notified by the Rome Police Department that there had been a fire at their residence. Plaintiffs returned home to find the house destroyed by fire, smoke, and water damage. Moreover, the family pets—two dogs and several fish—perished in the fire. Plaintiffs hired a private fire investigator who determined that the blaze was caused by an internal malfunction in the stove.

### III. DISCUSSION

#### A. Electrolux's Motion for Reconsideration

On January 5, 2011, Electrolux filed a letter motion seeking to substitute its attorneys for those of Sears. In essence, Electrolux requested that its attorneys be permitted to also represent Sears, which consented to joint representation. This motion was denied by oral order on January 14, 2011. Electrolux has filed a motion for reconsideration and attached affidavits from its Assistant General Counsel and the Assistant Corporate Secretary for Sears in which both defendants waive any potential conflicts and agree to joint representation.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it

becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.). Electrolux relies on the second and third prongs of this test. The alleged new evidence includes the fact that Electrolux agreed to defend and indemnify Sears in this action, and both parties consented to joint representation as well as waived any potential conflicts of interest. Electrolux also maintains that the denial of its motion was error because it did not have a chance to reply to plaintiffs' opposition, and it is now forced to pay two law firms as it has agreed to defend and indemnify Sears.

Although Electrolux characterizes its agreement to defend and indemnify Sears as "new" evidence, it cites a December 14, 2010, letter that memorializes such an agreement. This evidence was clearly available when Electrolux filed its original letter motion on January 5, 2011. Further, Electrolux's letter motion included a consent form signed by a Sears representative. In light of the possible conflicts that will arise at trial, it was necessary to deny the motion. See United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001) (per curiam) (explaining that the district court has broad discretion when evaluating a motion to substitute counsel). Further, even if defendants' affidavits attesting to their waiver of any potential conflicts constitute "new" evidence, they neither mandate reconsideration nor are persuasive that substitution of counsel is proper or appropriate.

The argument that it was clear error to rule on the motion before Electrolux had a chance to file a reply is without merit. The Local Rules of the Northern District indicate that reply papers "are not permitted without the Court's prior permission" when the motion at issue is non-dispositive. N.D.N.Y. Local R. 7.1(b)(2). Electrolux's motion to substitute counsel was a non-dispositive motion. As such, Electrolux was not automatically entitled

to file a reply.  Finally, the argument that its obligation to pay Sears's law firm in addition to its own counsel amounts to manifest injustice is rejected.  Electrolux brought such a situation on itself by agreeing to defend and indemnify its co-defendant.

Accordingly, Electrolux's motion for reconsideration will be denied.

### B. Motion to Dismiss—Legal Standard

To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  Although a complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).

Dismissal is appropriate only where plaintiffs fail to provide some basis for the allegations that support the elements of their claims.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face").  When considering a motion to dismiss, the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiffs' favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  Additionally, particular deference should be given to a pro se litigant's complaint when applying the above standard.  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

### C. Negligent Infliction of Emotional Distress (Fourth Cause of Action)

Plaintiffs allege that, due to defendants' negligence, they suffered emotional distress as a result of the loss of their personal property and pets.

It is well-established that "the circumstances under which recovery may be had for purely emotional harm are extremely limited." Meadows v. Planet Aid, Inc., 676 F. Supp. 2d 83, 98 (E.D.N.Y. 2009) (internal quotation marks omitted).  Under New York law, a plaintiff can recover for negligent infliction of emotional distress ("NIED") under either the "bystander theory" or the "direct duty theory." Dzwonczyk v. Syracuse City Police Dep't, 710 F. Supp. 2d 248, 272 (N.D.N.Y. 2008) (McCurn, S.J.).  The bystander theory requires a showing that plaintiff "witnessed the death or serious bodily injury of a member of his immediate family" and was in "the zone of danger" at the time.  Id. (internal quotation marks and alteration omitted).  Under the direct duty theory, plaintiff must establish that defendant owed a duty directly to plaintiff and that his physical safety was threatened or endangered.  Id.  The duty owed "must be specific to the plaintiff, and not some amorphous, free-floating duty to society."  Id.  This duty "is far more specific than the more generalized duty to avoid negligently injuring another." Druschke v. Banana Republic, Inc., 359 F. Supp. 2d 308, 315 (S.D.N.Y. 2005); compare Mortise v. United States, 102 F.3d 693, 696–97 (2d Cir. 1996) (affirming summary judgment dismissing NIED claim because National Guardsmen had only a "generalized duty" to prevent unreasonable risks to citizens passing through a training exercise) with Broadnax v. Gonzalez, 2 N.Y.3d 148, 155 (N.Y. 2004) (special duty of care owed by obstetrician to expectant mother supported NIED claim where malpractice resulted in miscarriage).

Plaintiffs cannot establish a claim under either theory.  First, although defendants owe a general duty to consumers to prevent dangerous manufacturing defects, this duty is not a special one owed specifically to these plaintiffs.  Second, plaintiffs' physical safety was not threatened because they were not home at the time of the fire.  Thus, they clearly

were not within the zone of danger caused by defendants' alleged negligence. Finally, there was no death or serious injury to an immediate family member. The fire destroyed plaintiffs' home and personal property—including their pets. While the loss of a pet can be an extremely sad event, it does not support a cause of action for accompanying emotional distress. Defendants properly point out, and plaintiffs tacitly concede, that New York case law categorizes pets as personal property and not members of the family. See Schrage v. Hatzlacha Cab Corp., 13 A.D.3d 150, 150 (N.Y. App. Div. 1st Dep't 2004) ("[P]ets are treated under New York law as personal property, and the loss of a dog by reason of negligence will not support claims by the animal's owners to recover for their resulting emotional injury."); Gluckman v. Am. Airlines, Inc., 844 F. Supp. 151, 157 (S.D.N.Y. 1994) (where defendant's negligent handling of plaintiff's dog resulted in the animal's death in a plane's cargo hold, the NIED claim was dismissed because the pet was deemed personal property).

Accordingly, plaintiffs' Fourth cause of action will be dismissed.

### D. Loss of Companionship (Fifth Cause of Action)

Plaintiffs' loss of companionship claim is based entirely on the loss of their two dogs. As noted above, New York law deems pets to be personal property. There is thus no independent cause of action for the loss of a pet's companionship. See Gluckman, 844 F. Supp. at 158.

Accordingly, plaintiffs' Fifth cause of action will be dismissed.

## IV. CONCLUSION

As a result of the above, it is

ORDERED, that

1. Electrolux's motion for reconsideration is DENIED;

2. Electrolux's motion to dismiss is GRANTED;

3. Sears's motion to dismiss is GRANTED; and

4. The Fourth and Fifth causes of action are DISMISSED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   February 15, 2011
         Utica, New York.